# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>  Plaintiff,<br><br>vs.<br><br>**SHYLOH GORTAT,**<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cr-000028-DAK<br>Case No. 2:13-cr-000759-DAK<br><br>Judge Dale A. Kimball |

## INTRODUCTION

This matter is before the court on Defendant's Renewed Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).[1] (ECF No. 42.) Defendant requests that the court release him from custody due to COVID-19 and his underlying health condition (obesity). The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons ("BOP"). *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Pursuant to General Order 20-019, the United States filed an opposition to Defendant's Motion (ECF No. 44) and the United States Probation Office filed a recommendation that the court deny the Motion. (ECF No. 45). Defendant did not file a reply in support of his Motion and the time for doing so has passed.

---

[1] Defendant is serving two concurrent sentences and filed an identical Motion for Compassionate Release in both cases. Since Defendant's and Plaintiff's motions are identical, the court will address them together and work from the docket under the case number 2:19-cr-000028.

1

## DISCUSSION

On July 2, 2019, Defendant pleaded guilty to Bank Fraud, in violation of 18 U.S.C. § 1344 and to Aggravated Identity Theft, in violation of 18 U.S.C. §1028A. In connection to these crimes, the court sentenced him to 48 months' imprisonment to be followed by 60 months' supervised release.[2] As of February 14, 2021, Defendant has served 2 years, 1 month, and 5 days of his full term (52.4% of his full term and 61.1% of his statutory term) (ECF No. 45-1(sealed) at 8.)

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). The court finds that Defendant has failed to meet his burden for three reasons: (A) Defendant failed to establish "extraordinary and compelling" reasons to justify a reduction in his sentence; (B) Defendant failed to establish that he will not pose a threat to the community if the court grants his request for a reduction in his sentence; and (C) Defendant has not satisfied the section 3553 factors.

**A. Extraordinary and Compelling**

Under 18 U.S.C. § 3582(c)(1)(A)(i) a court may modify a term of imprisonment "after considering the factors set forth in § 3553(a) to the extent they are applicable, if it finds that —(i) extraordinary and compelling circumstances warrant a reduction . . . and that such a reduction is

---

[2] Defendant is also serving a 33-month concurrent sentence because these crimes violated the terms of Defendant's supervised release.

consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission defines "extraordinary and compelling" reasons to include certain specified categories of medical conditions. U.S. SENT. GUIDELINES § 1B1.13, cmt. n.1(A). Specifically, the Sentencing Guidelines provide that the defendant must suffer from a terminal illness or a "serious medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* In this case, Defendant argues that his obesity places him at high risk for a severe illness from COVID-19 and, therefore, his obesity satisfies the requirements in section 3582 and the U.S. Sentencing Guidelines § 1B1.13. Plaintiff did not respond to this argument. Even though Plaintiff did not respond, the court feels it is important to address Defendant's arguments.

      Defendant argues that his obesity in light of the COVID-19 pandemic constitutes a "serious physical condition[] from which he is not expected to recover." (ECF No. 42 at 9). Defendant makes this argument even though he has already contracted and recovered from a COVID-19 infection. The court does not find Defendant's argument persuasive. First, FCI Lompoc has 2 active cases of COVID-19 as of the date of this order (0 inmates and 2 staff). Therefore, the court is unconvinced that COVID-19 poses a serious risk to Defendant's health. Second, since Defendant has already contracted and recovered from a COVID-19 infection his risk of reinfection—while possible—is low and inconsistently demonstrated according to Defendant's own citations and the CDC.[3] Similarly, Defendant's assertion that "in many

---

[3] Tessa Bowen, *Nevada State Public Health Lab-led team studying COVID-19 reinfection*, NEVADA TODAY (Aug. 27, 2020) ("It is important to note, that this is a singular finding. It does not provide any information to us with regard to the generalizability of this phenomenon."); Jason D. Goldman et al., *Reinfection with SARS-CoV-2 and Failure of Humoral Immunity: a case report*, MEDRXIV (Sep. 25, 2020) ("The risk of reinfection with SARS-CoV-2 after primary

instances, the reinfection was more severe than the original infection" (ECF No. 42 at 11) is directly contrary to what is stated in the article cited by Defendant.[4]

For the foregoing reasons, the court is not persuaded that Defendant has satisfied the extraordinary and compelling reason standard to warrant a reduction in his sentence.

### B. Threat to Community

Under the Sentencing Guidelines, a court can only grant a reduction in sentence if it determines that the defendant "is not a danger to the safety of any other person or to the community." U.S. SENT. GUIDELINES § 1B1.13(2). Defendant's only argument regarding this requirement is that he has "shown through his pro se motion and good conduct in prison, that he has turned a corner." (ECF No. 42.) This argument is insufficient in light of the serious nature of Defendant's current convictions and his criminal history—which includes repeated convictions of bank fraud and identity theft. Defendants repeated instances of fraud and theft are of great concern to the court. Defendant must make a stronger showing than the one made in his Motion. Accordingly, the court finds that Defendant has failed to meet his burden to show he would not pose a threat to the community were the court to grant a reduction in his sentence.

### C. Other Section 3553 Factors

The First Step Act requires courts to consider the sentencing factors from 18 U.S.C. § 3553(a), to the extent that they are applicable, before granting a reduction in sentence. Section 3553(a) requires the court to consider the following relevant factors:

---

infection has not been consistently demonstrated."); U.S. CNTR. FOR DISEASE CONTROL AND PREVENTION, *Duration of Isolation and Precaution for Adults with COVID-19*, (Oct. 19, 2020) ("To date, reports of reinfection have been infrequent."), https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html.
[4] Ian Sample, *Flurry of coronavirus reinfections leaves scientists puzzled*, THE GUARDIAN (Oct. 6, 2020) ("While *most infections were no worse* the second time around, a good number cropped up . . . where the reinfection was more severe." (emphasis added)).

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

18 U.S.C. § 3553(a)(1), (2). As noted above, the court is concerned by Defendant's repeated instances of fraud. Defendant has on multiple occasions violated the terms of his supervised release by committing more fraud crimes or by failing to attend court-ordered meetings. (ECF No. 44 at 13.) The court is convinced that Defendant's current sentence accurately reflects the seriousness of his crime and provides a just punishment for the same.

## CONCLUSION

For the foregoing reasons, Defendant's Renewed Motions for Compassionate Release are DENIED (ECF No. 42) (*United States v. Gortat*, 2:13-cr-759-DAK, ECF No. 54 (D. Utah Oct. 8, 2020)).

DATED this 16th day of February, 2021.

BY THE COURT:

*/s/ Dale A. Kimball*
DALE A. KIMBALL
United States District Judge