## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SHYLOH GORTAT,**<br><br>**Defendant**. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:19-cr-000028-DAK**<br>**Case No. 2:13-cr-000759-DAK**<br><br>**Judge Dale A. Kimball** |

### INTRODUCTION

This matter is before the court on Defendant's Motion for Reconsideration. (ECF No. 52.)[1] The court has considered carefully the memoranda and other materials submitted by the Defendant, as well as the law and facts relating to his motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

### BACKGROUND

On October 8, 2020, Defendant's counsel filed a Renewed Motion for Compassionate Release. (ECF No. 42.) In this motion, Defendant's counsel made sure that he only argued the facts and law relevant to the motion and accommodated Defendant's request to include Defendant's 100-page pro se motion. (ECF No. 41, 41-1.) On October 27, 2020, Plaintiff filed its Opposition to Defendant's Renewed Motion for Compassionate Release. (ECF No. 44.) The next day, Defendant filed correspondence with the court and the United States Probation Office filed

---

[1] Defendant is serving two concurrent sentences and filed identical Motions for Reconsideration in both cases. Since Defendant's motions are identical, the court will address them together and work from the docket under Case No. 2:19-cr-000028. The corresponding motion is Case No. 2:19-cr-00759, ECF No. 61.

its presentence investigation report. (ECF No. 45, 46.) The court considered all of these submissions—including the pro se motion and correspondence letter—before it denied Defendant's Renewed Motion for Compassionate Release. (ECF No. 48.) Following the court's Memorandum Decision and Order, Defendant filed a motion for reconsideration (including attachments) and correspondence with the court. (ECF No. 49, 51, 52.)

## DISCUSSION

Since Defendant captioned his motion a "Motion for Reconsideration," which is not specifically provided for in the Federal Rules of Civil Procedure, the court will construe this motion as a Rule 59 Motion to Alter or Amend a Judgement. Under Rule 59(e) a party may move within 28 days of the entry of judgment to alter or amend the judgment. A Rule 59 "motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted). A motion for reconsideration is an

> inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed.

*Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* at 1012. A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

Here, Defendant requests that the court reconsider its decision because: (1) "his attorney of record, Mr. Nathan Phelps deliberately and intentionally failed to fulfill his obligation to

represent the defendant" (ECF No. 52, at 1); and (2) because "the court apparently turned a blind eye to the majority of what [Defendant] said in [his pro se motion]." (ECF No. 51, at 1.)[2] The court will address why Defendant's arguments are insufficient to satisfy Rule 59's requirements.

First, Defendant's argument that his counsel was inadequate is unavailing because this is not a correct basis upon which the court could grant a motion to reconsider. Even were this a relevant argument, the court disagrees with Defendant that his attorney "deliberately and intentionally" failed to fulfill his obligations as an attorney. Mr. Phelps aptly argued Defendant's Renewed Motion for Compassionate release. As a lawyer should, Mr. Phelps made only *relevant* legal and factual arguments. Mr. Phelps was also accommodating to Defendant's request that the pro se motion be included as an exhibit. As for Mr. Phelps' not filing a reply, the court would encourage Mr. Phelps to do so in the future. In this instance, however, it would have made any difference given Defendant's criminal history, his relatively low risk of becoming reinfected with COVID-19, and the progress that has been made in treating COVID-19. Simply put, Defendant is not a good candidate for a Motion for Compassionate Release.

Second, Defendant's complaint that the court did not consider all of his prior arguments is unpersuasive. *See Servants of the Paracletes*, 204 F.3d at 1012 (Under Rule 59(e), "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing"). This is an insufficient argument in the Motion to Reconsider context because this argument is necessarily a concession that Defendant's Motion to Reconsider contains no

---

[2] Defendant also requests that the court conduct a review to: verify that Mr. Phelps filed Defendant's pro se motion, determine why Mr. Phelps did not file a reply, and ascertain why Mr. Phelps did not notify the Defendant that Judge Benson had passed. The court is under no obligation to fulfill these requests. Similarly, Mr. Phelps is under no obligation to do everything Defendant requests of him or to inform Defendant of Judge Benson's passing. Lastly, these requests are irrelevant to Defendant's Motion for Reconsideration.

new facts or arguments. Nevertheless, the court wishes to be clear that it did read Defendant's filings——including the filed correspondence and exhibits. The court is aware of Defendant's complaints that the prison system is not doing what Defendant believes it should do. Regardless of the merits of Defendant's arguments about how the prison system deals with addiction and those with mental health conditions, these arguments are simply irrelevant in the Motion for Compassionate Release context—which is why the court did not address them in its Memorandum Decision and Order. Since these arguments are irrelevant to the underlying Motion for Compassionate release, they are similarly irrelevant to Defendant's Motion for Reconsideration.

C<small>ONCLUSION</small>

For the foregoing reasons, Defendant's Motion for Reconsideration (ECF No. 52) is DENIED (*United States v. Gortat*, 2:13-cr-759-DAK, ECF No. 54 (D. Utah Oct. 8, 2020)).

DATED this 17th day of March, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge